**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Harry S. STONEHILL; Robert P. Brooks, Defendants— Appellants.**

**No. 01–35943.**
**D.C. No. CV–65–00127–PA.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2002.

Decided Dec. 19, 2002.

Before REAVLEY,* KOZINSKI and W. FLETCHER, Circuit Judges.

---

* Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

MEMORANDUM**

The district court abused its discretion when it ruled on the motion to vacate while Stonehill and Brooks were still seeking potentially relevant evidence. Since the district court's ruling, Stonehill and Brooks have obtained more documents that may substantially bolster their case that the government committed fraud on the court. Stonehill and Brooks still have more FOIA requests pending. On remand, the district court should ensure that they have a fair opportunity to present their argument to the court. It should assist them in obtaining relevant evidence and should not rule on their motion to vacate until it has received and considered all evidence that Stonehill and Brooks may obtain within a reasonable time.

We reject the alternate bases for affirmance proposed by the government. The central factual issue in the district court's 1967 ruling and our 1968 ruling was the level of participation by agents of the United States government in the 1962 raids on Stonehill and Brooks's homes and businesses. If the government engaged in a scheme to deceive the courts about its participation in the raids, it "is in no position to dispute the effectiveness of the scheme in helping to obtain a favorable ... verdict." *Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d 1128, 1133 (9th Cir.1995) (citing *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 246–47, 64 S.Ct. 997, 88 L.Ed. 1250 (1944)).

Accordingly, we reverse and remand this case for further proceedings. We deny Stonehill and Brooks's motion to supplement the record on appeal to allow us to consider the documents obtained after the district court made its ruling. We believe that the better course is to permit the district court on remand to consider this evidence in the first instance.

REVERSED and REMANDED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.